This is an appeal from the Washington County Court of Common Pleas. In November 1996, appellant Curry was convicted of unauthorized use of a motor vehicle, a fifth degree felony. He was given three years community control and sent to SEPTA. He was released on May 3, 1997, after having successfully completed the 180 day program. On October 24, 1997, Curry entered a plea of guilty to a charge of breaking and entering. On October 28, 1997, he was sentenced on the breaking and entering, and also sentenced on the first charge as a community control violator. He was given twelve months on the unauthorized use of a motor vehicle, but no credit for the time served in the SEPTA Center. From that judgment and sentence, Curry takes this appeal designating two assignments of error.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A MAXIMUM TERM OF TWELVE MONTHS."
This assignment of error presents an incongruous argument. The penalty for unauthorized use of a motor vehicle is six to twelve months. R.C. 2929.14(B) (C) lists some of the criteria, the defendant's prior record for example, that the court must consider in deciding whether to impose six months, twelve months, or something in between. When he returned to court to be sentenced for unauthorized use after his conviction for breaking and entering, Curry was given the maximum sentence of twelve months. Counsel for appellant argues that under the statutory criteria, Curry would have received the minimum sentence of six months at the time of his first conviction. Counsel argues that the fact that the court gave Curry community control is proof of his eligibility for the minimum sentence. To give him the maximum sentence after he violated the community control and committed a second offense is imposing a penalty for conduct which occurred after the first offense.
Counsel misconstrues both the statutes and the legislature's intent on sentencing. Some of the criteria in R.C. 2929.14(B) (C) are based on anticipating future events, such as adequately protecting the public from crimes by the defendant in the future or the greatest likelihood of committing future crimes. Courts cannot predict future events, but judges may, in an individual case, give the defendant the benefit of the doubt and anticipate that the defendant will not commit future crimes.
 REGIONAL CORRECTIONAL FACILITY, IMPOSED AS A CONDITION OF PROBATION IN THIS CASE."
It has long been the law and a well established principle that a defendant must receive credit on his sentence for any time spent in incarceration as a result of the crime for which he was convicted.
This court has followed this principle and has held that a defendant is entitled to credit for time served in SEPTA. InState v. Cooper (May 28, 1997), Meigs App. No. 96 CA 28, unreported, this court held,
 "We note that our court has recently resolved this issue. In State v. Flynn (Mar. 13, 1997), 1997 Ohio App. LEXIS 1349, Meigs App. No. 96 CA 10, unreported, we found that the SEPTA Center qualifies under R.C. 2967.191 as a community based correctional facility and accordingly held that the Ohio General Assembly intended for defendants in appellant's position to receive credit for time spent there. See Flynn; R.C. 2967.191; Ohio Adm. Code 5120-2-04(B); Crim.R. 32.2(D).
 Thus, based upon this court's decision in Flynn, we find that appellant should have received credit for time spent at the SEPTA center when the court revoked his probation and reinstated his original eighteen month sentence."
In contravention of appellant's claim that he should be given credit for the time served at SEPTA, appellee contends that R.C. 2967.191 was amended, removing the language relating to community correction facilities, so that such credit is no longer required. Appellee contends that R.C. 2929.15(B) now makes such credit discretionary with the sentencing court.
R.C. 2929.15(B), the revised code section dealing with community control, is quite lengthy and contains much language
These are places of confinement and detention, in a word, jails. A person confined in a community correctional facility is entitled to credit for time served there as much as any other person confined in anywhere else. To the extent that the amendment to R.C. 2967.191 attempts to deny prisoners credit on their sentences for time served in community correctional facilities, it is unconstitutional.
This court does not believe, however that the legislature attempted to enact an obviously unconstitutional statute. The language of R.C. 2967.191 says, as redacted above,
 "The court may reduce . . . a prison term . . . by the time the offender successfully spent under the sanction that was initially imposed."
Not all forms of community control involve incarceration in a community correctional facility, and most community control sentences do not. The amended language is merely an expression of legislative intent that a sentencing judge may reduce the prison term for successful time spent under community control.
When faced with two possible constructions of a statute, one which would result in the statute being unconstitutional and one which would not, the courts should adopt the latter. We believe that the legislature did not intend, since it does not have the power, to overrule a long line of cases which have held that a prisoner must be given credit on his sentence for all times spent in incarceration whether before or after the sentence has been imposed.
Therefore in accord with Cooper and Flynn, supra, and the long line of cases which preceded them, we find that appellant Curry is entitled to credit for the 180 days incarceration in the SEPTA facility. Assignment of Error II is well taken and is sustained.
The judgment of the trial court is reversed and this case is remanded to the trial court for further proceeding in accord with this decision.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the judgment of the trial court be reversed and the case remanded to the trial court for further proceedings. Appellant shall recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Concurs in Judgment and Opinion
Kline, J. Concurs in Judgment and Opinion as to Assignment of Error I; Concurs in Judgment only as to Assignment of Error II
FOR THE COURT:
 ---------------------- Lawrence Grey, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Judge Lawrence Grey, retired of the Fourth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth District.